UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH EDWARD HEITMAN<br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAN L. POPE, d/b/a DAN POPE TRUSTEE et al;<br><br>　　　　　Defendants. | Case No. 4:11-cv-00170-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Before the Court is Respondents Bear Lake West Homeowners Association and Dan L. Pope d/b/a as Dan Pope Trustee's Motion for Attorney Fees (Dkt. 20). In its earlier Memorandum Decision and Order remanding this action to state court, the Court found that Petitioner Ralph Edward Heitman's removal action was frivolous, unreasonable and without foundation. *Memorandum Decision and Order* at 4, Dkt. 15.

　　　　Based on this finding, the Court indicated that it would award Respondents' attorney fees and costs under 42 U.S.C. § 1988, and it invited Respondents to submit a short motion and supporting documents explaining the amount of attorney fees requested and how such fees were incurred in obtaining a remand of this case to state court. *Id*. In compliance with the Court's request, Respondents now seek attorney fees in the amount of $2,037.50.

Memorandum Decision and Order - 1

As the Court has already declared Heitman a vexatious litigant, the only issue remaining is whether the requested fees are reasonable. 42 U.S.C. § 1988. The Ninth Circuit follows the hybrid lodestar approach in determining whether the requested fees are reasonable. *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000). This approach has two parts.

First, the Court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* The party seeking fees must provide the Court with evidence of the hours worked and rates claimed. *Id.* The Court should exclude hours which are not reasonably expended because they are excessive, redundant, or otherwise unnecessary. *Id*

Second, the Court may adjust the lodestar upward or downward using a multiplier. *Id.* This adjustment is based on factors not subsumed in the initial calculation of the lodestar. *Id.* However, the lodestar amount is presumptively the reasonable fee amount, so a multiplier may be used to adjust the lodestar amount only in "rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Id.* (Internal quotations and citations omitted).

Here, Respondents request an hourly rate of $125 for 16.3 hours performed. They have submitted contemporaneous time records supporting their requested fees, and Heitman has made no objections. After carefully reviewing the record, the Court finds the rate charged by Respondents' counsel is reasonable. Counsel Lane V. Erickson has nearly

15 years of experience practicing law and he is a partner in the law firm. His hourly rate of $125 is more than reasonable for someone with his experience in the Pocatello market. Moreover the number of hours for the work performed is not excessive or unreasonable. Based on this foregoing, the Court therefore finds that Heitman must pay Respondents' attorney fees in the amount of $2,037.50.

Respondents incurred no costs.

## ORDER

**IT IS ORDERED that** Respondents' Motion for Attorney Fees (Dkt. 20) is **GRANTED**.

DATED: February 9, 2012

B. Lynn Winmill
Chief Judge
United States District Court